FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN H.,[1] <br><br>             Plaintiff, <br><br>    vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>             Defendant. | No. 4:18-cv-05052-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 15, 16 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 15, and denies Defendant's motion, ECF No. 16.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER - 2

ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER - 3

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On November 26, 2013, Plaintiff applied for Title XVI supplemental security income benefits, Tr. 151-59, alleging an amended disability onset date of May 1, 2013, Tr. 43.  The application was denied initially, Tr. 90-93, and on reconsideration, Tr. 99-104.  Plaintiff appeared before an administrative law judge (ALJ) on August 3, 2016.  Tr. 34-66.  On December 23, 2016, the ALJ denied Plaintiff's claim.  Tr. 15-33.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 26, 2013.  Tr. 20.  At step two, the ALJ found Plaintiff has the following severe impairments:  post-traumatic stress disorder (PTSD), depression, and fetal alcohol syndrome.  Tr. 21.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 21.  The ALJ then concluded that Plaintiff has the RFC to perform

a full range of work at all exertional levels, with the following nonexertional

limitations:

> [Plaintiff] can perform simple, routine, repetitive tasks. He can
> perform work with no contact with the general public. He can work
> with consistent, workplace procedures.

Tr. 22-23.

At step four, the ALJ found Plaintiff does not have any past relevant work.

Tr. 27. At step five, the ALJ found that, considering Plaintiff's age, education,

work experience, RFC, and testimony from the vocational expert, there were jobs

that existed in significant numbers in the national economy that Plaintiff could

perform, such as, industrial cleaner, kitchen helper, and laundry worker II. Tr. 28.

Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the

Social Security Act, from November 26, 2013, the date the application was filed, to

the date of the ALJ's decision. Tr. 28.

On January 16, 2018, the Appeals Council denied review of the ALJ's

decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for

purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him supplemental security income benefits under Title XVI of the Social Security

Act. Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence; and

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 15 at 5-20.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ improperly discounted the opinions of Philip Barnard, Ph.D.; Carina Bauer, Psy.D.; and Daniel Neims, Psy.D. ECF No. 15 at 15-20.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

ORDER - 8

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Dr. Bauer

In April 2014, Dr. Bauer conducted a psychological evaluation and diagnosed Plaintiff with unspecified depressive disorder (not enough criteria to meet full major depressive disorder or bipolar disorder), posttraumatic stress disorder, and fetal alcohol syndrome. Tr. 311-16. Dr. Bauer opined that Plaintiff 1) is able to perform simple and repetitive tasks, interact with coworkers and the public, maintain regular attendance in the workplace and complete a

ORDER - 9

workday/workweek without interruption from a psychiatric condition, manage usual stress when encountered in the workplace, and manage tasks once they are mastered but is likely to struggle with new and novel tasks as well as tasks that are complicated and require multiple steps; 2) has mild difficulty managing his own funds and performing detailed and complex tasks; and 3) has moderate difficulty accepting instructions from supervisors and working on activities on a consistent basis without special or additional instructions. Tr. 315-16.

The ALJ gave varying amounts of weight—significant weight, partial weight, and some weight—to various opinions rendered by Dr. Bauer. Tr. 26. To the extent that Dr. Bauer's opinion was inconsistent with the nonexamining opinions of Richard Borton, Ph.D. and Eugene Kester, M.D.,[2] Tr. 71-76, 83-87, the ALJ was required to provide specific and legitimate reasons for discounting Dr. Bauer's opinion. *See Bayliss*, 427 F.3d at 1216.

---

[2] Dr. Borton and Dr. Kester agreed with Dr. Bauer that Plaintiff could perform simple and repetitive tasks and was limited in his abilities to understand, remember, and carry out detailed instructions and sustain ordinary routine without special supervision—but otherwise these doctors reached different opinions as to Plaintiff's abilities than Dr. Bauer. Tr. 73-76, 86-87, 315-16.

ORDER - 10

Plaintiff does not challenge the ALJ's decisions to 1) give significant weight to Dr. Bauer's opinion that Plaintiff retains the mental RFC to perform simple and repetitive tasks and 2) discount Dr. Bauer's opinion that Plaintiff is able to interact with the public and has mild difficulty with detailed and complex tasks. ECF No. 15 at 18-19; ECF No. 19 at 8-9; Tr. 25.

Plaintiff challenges only the ALJ's decision to give partial weight to Dr. Bauer's opinion that Plaintiff had moderate difficulty consistently working on activities without special/additional instructions and/or supervision. Tr. 26; ECF No. 15 at 18. An ALJ may reject limitations "unsupported by the record as a whole." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003). In support of this rejection, the ALJ stated that, contrary to Dr. Bauer's opinion, Plaintiff "can at most work with consistent, workplace procedures." Tr. 26. The ALJ provided no basis to support this conclusory statement. The ALJ failed to address that Dr. Bauer found that Plaintiff's fetal alcohol syndrome impacted his ability to learn new tasks and therefore his learning period would be longer and he would require additional and continued instruction from a supervisor. Tr. 316. Absent any discussion of Dr. Bauer's findings and opinion in regard to how Plaintiff's fetal alcohol syndrome impacts his ability to work, the Court is unable to meaningfully review whether the ALJ's interpretation of the evidence is rational. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Embrey*

*v. Bowen,* 849 F.2d 418, 421–22 (9th Cir. 1988) (requiring the ALJ to identify the evidence supporting the found conflict to permit the Court to meaningfully review the ALJ's finding); *Reddick*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' [opinions] are correct."). This error is consequential because the vocational expert testified that an individual who needs redirection to the extent he is off-task more than ten percent of the workweek is not capable of being gainfully employed on a sustained basis. Tr. 61-63.

### 2. Dr. Barnard

In June 2015, Dr. Barnard psychologically evaluated Plaintiff and diagnosed Plaintiff with generalized anxiety disorder, borderline intellectual functioning, and other specified bipolar and related disorder (short duration, hypomanic episodes, and major depressive episodes). Tr. 358-62. Dr. Barnard opined that Plaintiff was 1) severely limited in his abilities to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, maintain appropriate behavior in a work setting, and complete a normal workday and workweek without interruptions from psychologically based symptoms; 2) markedly limited in his abilities to understand, remember, and persist in tasks by following detailed instructions and communicate and perform effectively in a work setting; and 3) moderately limited in his abilities to learn new

tasks, perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, set realistic goals, plan independently, and understand, remember, and persist in tasks by following very short and simple instructions. Tr. 360-61.

The ALJ gave little weight to Dr. Barnard's opinion. Tr. 26. To the extent that Dr. Barnard's opinion was inconsistent with the nonexamining opinions of Richard Borton, Ph.D. and Eugene Kester, M.D.,[3] the ALJ was required to provide specific and legitimate reasons for discounting Dr. Barnard's opinion. *See Bayliss*, 427 F.3d at 1216.

Initially, Plaintiff contends that the ALJ erred because of her references to Plaintiff's criminal history. ECF No. 15 at 17. Here, the ALJ highlighted that Dr. Barnard recognized that Plaintiff was a registered sex offender, which is a

---

[3] The opinion conflicts with those of Dr. Borton and Dr. Kester, who assessed moderate as opposed to marked limitations in Plaintiff's abilities to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; sustain ordinary routine without special supervision; interact appropriately with the public; respond appropriately to work-setting changes; and set realistic goals or make plans independently of others. Tr. 73-76, 86-87.

substantial, non-disability related barrier to finding work. Tr. 26 (citing Tr. 361).
Contrary to Plaintiff's assertion otherwise, the ALJ did not discount Dr. Barnard's
opinion because Plaintiff had a criminal conviction. Tr. 26. Instead, the ALJ
discounted Dr. Barnard's opinion for the following two reasons.

First, the ALJ discounted Dr. Barnard's opinion because it was more heavily
based on Plaintiff's subjective allegations than the medical evidence. Tr. 26 (citing
Tr. 358-62). A physician's opinion may be rejected if it based on a claimant's
properly discounted complaints. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th
Cir. 2001); *Morgan v. Comm'r of Soc. Sec Admin.*, 169 F.3d 595, 602 (9th Cir.
1999). However, when an opinion is not more heavily based on a patient's
discounted self-reports than on clinical observations, there is no evidentiary basis
for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014);
*Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-200 (9th Cir. 2008).
Because this matter is being remanded for reconsideration of both the medical
evidence and Plaintiff's subjective complaints, on remand, the ALJ should
reconsider this medical opinion as well. The Court observes that the ALJ noted
that Dr. Barnard did not review other evidence but rather based his opinion on
Plaintiff's lengthy self-reports, which the ALJ found inconsistent with the medical
evidence. Tr. 26. The ALJ noted that Dr. Barnard's two-page summary of
Plaintiff's personal narrative in his report is evidence that Dr. Barnard heavily

based his opinion on Plaintiff's self-reports. Tr. 26. Here, Dr. Barnard also conducted a mental status exam, in which Dr. Barnard found that Plaintiff's thought process and content, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment were not within normal limits. Tr. 362. Even if the Court were to accept that Dr. Barnard's report lacked sufficient objective support and relied too heavily on Plaintiff's self-reports, the ALJ failed to adequately justify her rejection of Dr. Barnard's opinion. "To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity [the Ninth Circuit's] prior cases have required. . . . The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey,* 849 F.2d at 421–22. Given the abnormal mental status evaluation findings, which the ALJ did not discuss, the ALJ failed to adequately justify her rejection of Dr. Barnard's opinion.

Second, the ALJ discounted Dr. Barnard's opinion because a full-scale IQ (FSIQ) of 79 does not by itself support a diagnosis of borderline intellectual functioning but instead supports the RFC for simple, routine, and repetitive tasks. Tr. 26 (citing Tr. 362). A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson*, 359 F.3d at 1195. Here, the ALJ conclusory stated that the FSIQ of 79 did not by itself support a diagnosis of

borderline intellectual functioning (BIF), but rather supported the ALJ's RFC.

Here, the record reflects that Plaintiff's learning abilities were limited as a child.

*See, e.g.*, Tr. 48, 289, 359, 509 (Plaintiff had an Individualized Education Program

(IEP) plan in school and was in special-needs classes).  Accordingly, without

additional analysis of Dr. Barnard's observations and abnormal mental status

evaluation findings, the Court is unable to meaningfully review this offered reason

for discounting Dr. Barnard's opinion.  *See Brown-Hunter*, 806 F.3d at 492;

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999)

("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."');

*Embrey*, 849 F.2d at 421-22; *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

By failing to meaningfully articulate a specific and legitimate reason,

supported by substantial evidence, for discounting Dr. Barnard's opinion, the ALJ

erred.  This error is consequential because the RFC did not contain additional

limitations consistent with Dr. Barnard's opinion—limitations, which could

preclude sustained gainful work if credited.  *See Stubbs-Danielson v. Astrue*, 539

F.3d 1169, 1174 (9th Cir. 2008).

### 3. *Dr. Neims*

In June 2015, Dr. Neims reviewed the medical evidence and found that the

severity and functional limitations in the identified medical reports were generally

consistent with the evidence but that Dr. Barnard's borderline intellectual

functioning opinion did not appear to be based on generated testing. Tr. 509-10.

Dr. Neims recommended testing Plaintiff's adult IQ and further testing to clarify

Plaintiff's Axis I diagnosis. Tr. 509-10. Dr. Neims stated the:

> [t]wo most recent acceptable psychological evaluations opined sufficient duration to meet [Washington state's Aged, Blind, or Disabled (ABD)] criteria and generally identify similar diagnostic formulations. Earlier psychological evaluations question the possibility of fetal alcohol syndrome, and ideally specialized assessment regarding these issues via University of Washington might be secured to aid with case development.

Tr. 510.

The ALJ assigned little weight to Dr. Neims' opinion. Tr. 26. Because Dr.

Neims' opinion was inconsistent with the nonexamining opinions of Richard

Borton, Ph.D. and Eugene Kester, M.D., Tr. 71-76, 83-87, the ALJ was required to

provide specific and legitimate reasons for discounting Dr. Neims' opinion. *See*

*Bayliss*, 427 F.3d at 1216.

First, the ALJ discounted Dr. Neims' opinion pursuant to 20 C.F.R. §

416.904, because Dr. Neims completed the opinion for Washington State

Department of Social and Health Services (DSHS) disability benefits' purposes.

Tr. 26 (citing Tr. 509-10). Although § 416.904 provides that a state disability

decision is not binding on the Commissioner, a blanket rejection of a DSHS

opinion is contrary to the Social Security requirements to evaluate each medical

source opinion and consider the supporting evidence underlying the State agency

decision.  20 C.F.R. §§ 416.913(a), 416.927(b), (c).  Here, the ALJ failed to consider and address the supporting evidence underlying Dr. Neims' decision, particularly since three of the cited medical reports relied on by Dr. Neims—Eric Thomas, LMHC's April 29, 2015 medical report, Dr. Brian VanFossen's June 20, 2014 Review of Medical Evidence opinion, and Dr. Moon's June 24, 2014 psychological assessment—are not part of the Administrative Record, ECF No. 11. Moreover, the ALJ did not evaluate how Washington state's DSHS requirements differ from the Social Security disability requirements, of particular importance given that WAC 182-512-0050 relies on the Social Security five-step analytic framework.  *See Holbrook v. Berryhill*, No. 15-35552, 696 Fed. App'x 846 (9th Cir. Aug. 30, 2017) (unpublished opinion) (reversing the ALJ for failing to adequately consider a Washington DSHS decision finding the claimant disabled). While there may be situations where less weight should be assigned to a medical opinion obtained for DSHS purposes based on the differences in agency requirements or given the relied-on medical evidence, the ALJ failed to articulate any analysis here.  On this record, simply because Dr. Neims completed the opinion for Washington state-issued benefits' purposes was not a specific and legitimate reason for rejecting Dr. Neims' opinion.

Second, the ALJ discounted Dr. Neims' opinion because he based his opinion on only a portion of the evidence.  Tr. 26.  Relevant factors to evaluating

any medical opinion include the amount of relevant evidence that supports the opinion and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Here, the scope of the medical evidence reviewed by Dr. Neims is unclear. However, his report indicates that at a minimum he reviewed: 1) Dr. Barnard's June 3, 2015 opinion, Tr. 358-62; 2) a Catholic Family and Child Services' May 19, 2015 psychiatric evaluation conducted by Kishore Varada, PA-C, Tr. 354-57; 3) Eric Thomas, LMHC's April 29, 2015 medical report; 4) Dr. VanFossen's June 20, 2014 Review of Medical Evidence opinion; and 5) Dr. Moon's June 24, 2014 psychological assessment. [4] Tr. 509. Based on his reference to Dr. Moon's psychological assessment, which is not listed under "Medical Reports," it appears that Dr. Neims reviewed more than those documents listed under "Medical Reports." Moreover, Dr. Neims reviewed and considered Dr. Barnard's opinion and records from Catholic Family and Child Services— records that were not available when Dr. Borton and Dr. Kester conducted their nonexamining reviews in 2014. On this record, it was not a legitimate and specific reason to discount Dr. Neims' opinion because it was based on a purported

---

[4] The opinions of Mr. Thomas, Dr. Moon, and Dr. VanFossen are not included in the Administrative Record, ECF No. 11.

ORDER - 19

partial review of the medical evidence, while at the same time giving significant weight to portions of Dr. Borton's and Dr. Kester's 2014 opinions.

In summary, Plaintiff established the ALJ failed to articulate specific and legitimate reasons, supported by substantial evidence, for her weighing of the medical opinions. The error is not harmless because had these opinions about Plaintiff's need for additional instruction and special supervision been credited, Plaintiff may be considered disabled given the vocational expert's testimony that an individual requiring redirection more than ten-percent of the workweek is not capable of sustained gainful employment. Tr. 61-63.

**B. Plaintiff's Symptom Claims**

Plaintiff contends the ALJ failed to rely on clear and convincing reasons in discrediting his symptom claims. ECF No. 15 at 5-15. Because the analysis of this issue is in part dependent on the ALJ's evaluation of the medical evidence, the Court declines to address these challenges here. However, the Court briefly addresses the following. First, if the ALJ is to discount Plaintiff's claims of disabling pain on the grounds that Plaintiff cared for his grandfather, the record must identify the nature, scope, and duration of the care involved. *See Trevizo v. Berryhill*, 871 F.3d 664, 675-76 (9th Cir. 2017). Second, if the ALJ is to discount Plaintiff's testimony because he sought to start a lawn care business, the ALJ must be mindful that a claimant has not engaged in substantial gainful activity if he is

unable to hold a job for a significant period of time.  *See Gatliff v. Comm'r of Soc.*

*Sec. Admin*, 172 F.3d 690, 692-94 (9th Cir. 1999).  Finally, if the ALJ is to

discount Plaintiff's testimony because of improvement or noncompliance with

treatment, the ALJ must be mindful that medical findings must be read in the

context of the overall diagnostic picture and that good cause for failure to follow or

seek treatment must be considered.  *Orn*, 495 F.3d at 638; *Holohan*, 246 F.3d at

1205.

   **C. Remedy**

      Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 15 at 20; ECF No. 19 at 10.

      "The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090,

1099, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all

essential factual issues have been resolved, a remand for an award of benefits is

inappropriate.").  However, the Ninth Circuit has "stated or implied that it would

be an abuse of discretion for a district court not to remand for an award of

benefits" when three credit-as-true conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, the court may remand for an award of benefits if 1) the record has been fully developed and further administrative proceedings would serve no useful purpose; 2) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

On this record, further proceedings are necessary to properly evaluate the medical opinion evidence, including consultation with a medical expert in regard to Plaintiff's Axis I diagnoses and whether Plaintiff's fetal alcohol syndrome impacts his intellectual and psychological functioning as an adult. In addition, given Dr. Neims' reference to three opinions that were not included in this administrative record, the ALJ is to assess whether the record should be supplemented with any additional opinions, including: Mr. Thomas's April 29, 2015 medical report; 2) Dr. VanFossen's June 20, 2014 Review of Medical Evidence opinion; and 3) Dr. Moon's June 24, 2014 psychological assessment. Therefore, this case is remanded for further proceedings. The ALJ is instructed to determine whether the record needs to be further developed, take testimony from a

medical expert, reweigh the medical evidence, reweigh Plaintiff's symptom allegations, and conduct a new sequential analysis.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is neither supported by substantial evidence nor free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED April 1, 2019.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 23